**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| New England Compounding Pharmacy, Inc. | ) | Case No. 12-19882-HJB |
|  | ) |  |

## JOINT MOTION OF THE CHAPTER 11 TRUSTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER APPROVING STIPULATION AND AGREED ORDER WITH PARTICIPATING NOTICE INTERMEDIARIES
### [REQUEST FOR EXPEDITED DETERMINATION]
### [REQUEST FOR LIMITATION OF NOTICE]

The chapter 11 Trustee appointed in the Chapter 11 Case (the "Trustee") and the Official

Committee of Unsecured Creditors (the "Official Committee") of New England Compounding

Pharmacy, Inc. d/b/a New England Compounding Center ("NECC" or the "Debtor") in the

Chapter 11 case of NECC, by and through their respective undersigned counsel, respectfully

submit this motion ("Motion") for entry of the stipulation and agreed order (the "Stipulation and

Order" a true and accurate copy of which is attached hereto as Exhibit A),[1] executed as of

September 5, 2013, by and between the Trustee, the Official Committee, and each of the other

entities and persons party to the Stipulation and Order (each such party, a "Participating Notice

Intermediary," and together with the Trustee and the Official Committee, each, a "Party", and

collectively, the "Parties"), to resolve the Contempt Motion and the Appeal (both as defined

herein), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Section 105(a) of title 11 of the United States Code (as amended, the "Bankruptcy

---

[1]    Capitalized terms used herein and not defined shall have the meanings ascribed to them in the Stipulation and Order.  In the event of a conflict between the Stipulation and Order and this Motion, the terms of the Stipulation and Order shall be controlling.

Code"). In support of this Motion, the Trustee and the Official Committee respectfully state as follows:

## PRELIMINARY STATEMENT

The Stipulation and Order reflects a consensual resolution by the Trustee, Official Committee and twenty-four so-called "Notice Intermediaries" (the Participating Notice Intermediaries) of the Contempt Motion and Appeal (each as defined herein), and other related disputes. The Stipulation and Order is the product of extensive negotiations between the Trustee and the Official Committee, on one hand, and the Participating Notice Intermediaries in possession of critical patient information, on the other. Entry of the Stipulation and Order will benefit the Debtor's estate by allowing this Chapter 11 case to proceed towards the establishment of a bar date and sparing the Trustee from incurring the costs, risks and delay that he would confront otherwise in resolving these disputes. Moreover, entry of the Stipulation and Order will allow those Participating Notice Intermediaries that did not comply timely with the Interim Bar Date Order entered in this case to come into compliance with this Court's order (as modified), and will avoid the costly process of litigating and enforcing sanctions as to those parties.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider the approval of the Stipulation and Order pursuant to 28 U.S.C §§ 157 and 1334. The approval of the Stipulation and Order is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are Bankruptcy Rule 9019(a), Local Bankruptcy Rule 9019-1 and 11 U.S.C. § 105(a).

## RELIEF REQUESTED

2.     By this Motion, the Trustee and the Official Committee request approval pursuant to Bankruptcy Rule 9019(a) and entry by this Court of the Stipulation and Order.

## BACKGROUND

### A.     General Background

3.     On December 21, 2012, NECC filed a petition in the United States Bankruptcy Court for the District of Massachusetts (this "Court") seeking relief under the Bankruptcy Code [Dkt. No. 1].

4.     NECC is also party to a multi-district litigation proceeding in the United States District Court for the District of Massachusetts (the "MDL Court") captioned *In re New England Compounding Pharmacy, Inc. Products Liability Litigation*, No. 13-md-2419 (D. Mass.) (the "MDL Proceeding").

### B.     The Interim Bar Date Order and the Contempt Motion

5.     On June 28, 2013, the Trustee filed the *Chapter 11 Trustee's Motion for an Order (I) Establishing Bar Dates for Filing Proofs of Claim; (II) Approving Certain Additional Documentation Requirements and Procedures for Personal Injury Tort and Wrongful Death Claims; (III) Approving the Form and Manner of Notice Thereof; and (IV) Granting Additional Related Relief [Dkt. No. 263]* and on July 3, 2013, the Trustee filed the *Supplemental Statement Regarding Chapter 11 Trustee's Motion for an Order (I) Establishing Bar Dates for Filing Proofs of Claim; (II) Approving Certain Additional Documentation Requirements and Procedures for Personal Injury Tort and Wrongful Death Claims; (III) Approving the Form and Manner of Notice and Manner of Notice Thereof; and (IV) Granting Additional Relief [Dkt. No. 269]* (collectively, the "Bar Date Motion").

6.    This Court held a hearing on the Bar Date Motion on July 24, 2013. On July 29, 2013, this Court entered the *Interim Order Regarding Chapter 11 Trustee's Motion for an Order Establishing Bar Dates for Filing Proofs of Claim and for Related Relief Concerning Notice by Notice Intermediaries* (the "Interim Bar Date Order") [Dkt. No. 412]. The Interim Bar Date Order required each of the NECC Contaminated Product Recipients (as that term was defined in the Interim Bar Date Order) to prepare a list (a "List") containing, with respect to each person to whom that particular Recipient administered methylprednisolone acetate, the following information:

a.    Name;
b.    Address, telephone number and e-mail address;
c.    Last four digits of such individual's social security number;
d.    Product(s) from the Lots that was (were) administered (including the Lot number(s) of the Lot(s) in which such product(s) was (were) included);
e.    The date(s) on which such product(s) was (were) administered; and
f.    the identity of the facility and the person or persons who administered such product(s).

See Interim Bar Date Order ¶ 1. The Interim Bar Date Order required each NECC Contaminated Product Recipient to submit its List and provide a sworn certification that such List is accurate and complete by August 16, 2013 to (i) the Trustee; (ii) Brown Rudnick LLP, as counsel to the Official Committee; and (iii) and Plaintiffs' Lead Counsel of the Plaintiffs' Steering Committee ("PSC") appointed the MDL Proceeding. See Interim Bar Date Order ¶¶ 2, 8.

7.    On August 7, 2013, this Court entered an Order denying the motion filed by certain of the Participating Notice Intermediaries for reconsideration and amendment of the Interim Bar Date Order [Dkt. No. 441] (the "Order Denying Reconsideration of Bar Date Order"). Subsequently, on August 9, 2013 and August 12, 2013, certain of the Participating Notice Intermediaries filed their *Notice of Appeal of Interim Bar Date Order and Reconsideration Order and Joinder* [Dkt. Nos. 458, 471] ("Notices of Appeal"), purporting to

appeal the entry of the Interim Bar Date Order and the Order Denying Reconsideration of the Bar

Date Order. On August 12, 2013, certain of the Participating Notice Intermediaries filed an

amendment to the Notice of Appeal filed at Dkt. No. 458 [Dkt. No. 474], which amendment was

later joined by at least one other Participating Notice Intermediary [Dkt. No. 484]. The appeal is

captioned *Dr. O'Connell's Pain Care Center et al. v. New England Compounding Pharmacy,*

*Inc.*, 13-cv-11956-FDS (D. Mass) (the "Appeal").

8.      On August 13, 2013, certain of the Participating Notice Intermediaries filed the

*Joint Motion to Stay Pending Appeal* [Dkt. No. 476]. On August 13, 2013, this Court entered the

*Order Denying Joint Motion filed by Interested Parties Dr. O'Connell's Pain Care Center and*

*other Parties to Stay Pending Appeal* [Dkt. No. 479]. On August 14, 2013, the parties to the

Appeal filed an *Emergency Motion for Stay Pending Appeal in the District Court* ("Motion for

Stay"), which remains pending.

9.      On August 21, 2013, the Trustee and the Official Committee jointly filed their

*Emergency Joint Motion of the Chapter 11 Trustee and Official Committee Of Unsecured*

*Creditors For Finding Of Civil Contempt* [Dkt. No. 506] (the "Contempt Motion"), requesting

that the Court hold in contempt those NECC Contaminated Product Recipients who did not

timely comply with the Interim Bar Date Order. On that same date, this Court entered an Order

denying the emergency determination and setting the hearing on the underlying Contempt

Motion for September 23, 2013 [Dkt. No. 520].

   **C.      The Stipulation and Order**

10.      Following extensive arm's length and good faith negotiations between and among

the Parties, an agreement was reached, and embodied in the Stipulation and Order, to fully and

finally resolve the Contempt Motion and the Appeal with respect to the Participating Notice

Intermediaries, subject to this Court's approval. The Stipulation and Order contemplates that the Participating Notice Intermediaries' will comply with the Interim Bar Date Order, as modified, and withdraw the Appeal upon entry of the Stipulation and Order by this Court. In exchange, the Contempt Motion brought by the Trustee and the Official Committee will be deemed withdrawn with respect to the Participating Notice Intermediaries and the Trustee and Official Committee will agree to certain confidentiality protections for the information produced pursuant to the Stipulation and Order. This resolution will avoid further expense, delay, and the uncertainties associated with further litigation of the Interim Bar Date Order (including litigation of the Appeal and the Contempt Motion).

11.     The material terms of the Stipulation and Order, as more fully set forth therein and subject to approval by this Court, include the following:

The Participating Notice Intermediaries shall:

- within three business days of entry of the Stipulation and Order, provide to the Trustee, a list (as from each Participating Notice Intermediary, the "Modified List," and as to all Participating Notice Intermediaries in the aggregate, the "Modified Lists"), subject to the confidentiality provisions as set forth in the Stipulation and Order, reflecting each and every person to whom a Participating Notice Intermediary administered, or may have administered, methylprednisolone acetate from one or more of the Lots, which Modified List shall contain each and every such person's name, address, and the last four digits of that person's social security number;

- immediately upon the filing of this Motion, file a motion in the District Court requesting that the District Court defer consideration of the Appeal and any other appeals of the Interim Bar Date Order, and all related motions, until such time as this Court has either (a) denied approval of the Stipulation and Order or (b) entered the Stipulation and Order;

- upon entry of the Order, withdraw the Appeal and any other currently pending appeals of the Interim Bar Date Order; and

- support the Interim Bar Date Order, as modified by the Stipulation and Order.

The Trustee shall:

- hold the Personal Identifying Information and any other identifying information received pursuant to the Stipulation and Order in the strictest of confidence, and shall use the Personal Identifying Information solely for the purpose of effecting notice of the bar date (provided that the Trustee may share the Personal Identifying Information with a HIPAA-complaint Agent under certain circumstances)[2];

- provide to counsel for the Official Committee and lead counsel for the PSC (as to each, if and only if it supports this Court's approval of the Stipulation and Order in all respects) on an attorney's-eyes only basis, a version of the Modified Lists that (1) contains redactions of all Personal Identifying Information and any Additional Personal Identifying Information received pursuant to the Stipulation and Order and (2) contains a listing or numbering mechanism such that counsel for the Official Committee and lead counsel for the PSC may be able to ascertain only the number of persons for whom each Stipulator has provided Personal Identifying Information; and

- destroy the Personal Identifying Information or any other information he receives pursuant to the Stipulation and Order the earlier of (a) the closing of the chapter 11 case or the closing of a chapter 7 case, as applicable, or (b) dismissal of the chapter 11 case or dismissal of a chapter 7 case, as applicable.

Upon entry of the Stipulation and Order, the Contempt Motion shall be deemed withdrawn solely with respect to the Participating Notice Intermediaries subject to and in accordance with the provisions of the Stipulation and Order.

## BASIS FOR RELIEF

12.     The Trustee and the Official Committee request that this court approve the Stipulation and Order under Bankruptcy Rule 9019, which provides, in part, that "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Settlements and compromises are a "normal part of the process of reorganization."  Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v.

---

2       Except as otherwise provided in the Stipulation and Order, the Trustee is prohibited from disclosing the Personal Identifying Information or any other information he receives pursuant to the Stipulation and Order to the PSC, any individual members of the PSC, the Official Committee, any individual members of the Official Committee, or to the respective counsel of any of the foregoing, or to any other third party.

Anderson, 390 U.S. 414, 424 (1968); see also In re Mailman Steam Carpet Cleaning Corp., 212

F.3d 632, 635 (1st Cir. 2000) ("[C]ompromises are favored in bankruptcy.").

13.     The Trustee has substantial leeway and discretion in determining whether to enter

into a proposed compromise and settlement.   The Court is not required to "second guess" the

Trustee's business judgment or consider whether there are different, potentially reasonable terms

for which Court approval conceivably could be sought.   Instead, the Court should deny approval

of the settlement only if "the settlement falls below the lowest point in the range of

reasonableness." See ServiSense.com, 382 F.3d at 71-72; In re Healthco Int'l, Inc., 136 F.3d 45,

51 (1st Cir. 1998).   In so doing, this Court should consider "the experience and competence of

the fiduciary proposing the settlement." Healthco, 136 F.3d at 50.

14.     In the First Circuit, the approval of a settlement requires the Court to "assess and

balance the value of the claim that is being compromised against the value to the estate of the

acceptance of the compromise proposal." See Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir.

1995).   In determining whether to approve a settlement pursuant to Rule 9019, the Court of

Appeals has instructed bankruptcy courts to consider: (i) the probability of success in the

litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of

collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and

delay attending it; and, (iv) the paramount interest of the creditors and a proper deference to their

reasonable views in the premise. Id.; accord Ars Brook, L.L.C. v. Jalbert (In re Servisense.com,

Inc.), 382 F.3d 68, 72 (1st Cir. 2004).   "In other words, a compromise will be approved when it

is both 'fair and equitable' and in the best interests of the estate."   10 Collier on Bankruptcy ¶

9019.02 (16th ed. rev. 2013) (citing TMT Trailer Ferry, 390 U.S. 414; In re Doctors Hosp. of

Hyde Park, Inc., 474 F.3d 421, 426 (7th Cir. 2007); Connecticut Gen. Life Ins. Co. v. United

Cos. Fin. Corp. (In re Foster Mtg. Corp.), 68 F.3d 914, 917 (5th Cir. 1995)).

15.     To determine whether a proposed settlement is in the best interests of the estate,

the Court must find that it is fair and equitable based on "an educated estimate of the complexity,

expense, and likely duration of litigation . . . and all other factors relevant to a full and fair

assessment of the wisdom of the proposed compromise." TMT Trailer Ferry, 390 U.S. at 424-

25.

16.     Here, resolution of the Contempt Motion is in the best interest of the Debtors'

estate.  The Trustee and the Official Committee sought sanctions against non-compliant clinics

not for the sake of sanctions, but to encourage compliance with the Interim Bar Date Order.

When the Participating Notice Intermediaries comply with their obligations under the Stipulation

and Order, and provide the Modified Lists, the Contempt Motion will have served its purpose as

to them.  This Court's approval of the Stipulation and Order will thus avoid the unnecessary

delay and the expenditure of judicial resources that will result from any need to further litigate

the Contempt Motion and Appeal with respect to the Participating Notice Intermediaries, or any

need to order and enforce penalties for non-compliance with the Interim Bar Date Order.

17.     "[T]he experience and competence of the fiduciary proposing the settlement" that

the Court should consider (Healthco, 136 F.3d at 50) similarly supports approval of the

Stipulation and Order.  The Trustee is a highly experienced practitioner in complex chapter 11

cases (such as this case), and has extensive experience in the "give and take" that occurs

regularly in such cases.  The Trustee's judgment that the proposed compromise and settlement

should be approved is informed by this experience and is based upon his considered assessment

that the settlement furthers his continuing efforts to provide notice and to formulate a consensual

plan that will allow personal injury claimants holding allowed claims to receive as much money as soon as possible. This lengthy and expensive litigation the Trustee would be required to pursue absent the settlement directly interferes with the Trustee's efforts to accomplish these goals, while the proposed settlement provides the Trustee with the information he requires to provide notice of the Bar Date to those persons to whom the Participating Notice Intermediaries administered the allegedly adulterated Lots. Accordingly, the Trustee believes the proposed settlement allows for the Participating Notice Intermediaries to purge themselves of potential contempt, spares the Trustee significant litigation expense and protects NECC's creditors from additional delay in resolving this case that such litigation inevitably will cause. Moreover, the issues resolved by this settlement were, and continue to be, very important to the Participating Notice Intermediaries. This proposed settlement, therefore, attempts to ease tensions among all parties, including the Trustee, the Official Committee, the PSC, and the Participating Notice Intermediaries.

18.     The Official Committee, as the representative of all victims and other claimants, has likewise concluded that the Stipulation and Order is in the best interests of NECC's creditors. The Stipulation and Order requires the patient information to be provided to the Trustee but not the Official Committee or its counsel; rather only a coded list of patients will be provided to counsel to the Official Committee. The Official Committee was willing to accept this compromise because the coded list of patients will allow Official Committee counsel to vet the patient lists for compliance with the Stipulation and Order. In particular, the Official Committee will be able to determine if the number of persons receiving notice is reasonable within the expectations of the Official Committee. Additionally, the Stipulation and Order does not foreclose any party from seeking patient information from the Participating Notice

Intermediaries for any purpose other than for purposes of notice of the bar date, although the

Participating Notice Intermediaries also retain any and all rights to defend, contest, or oppose

any such attempts. Finally, the confidentiality restrictions do not result in less information being

available to the public than was required by the Interim Bar Date Order; just as was the case with

the Interim Bar Date Order, under the Stipulation and Order the patient information will be made

available to the Trustee but will not be made publicly available.

19.     Thus, in the light of the complexity, expense, and likely duration of litigation if

the Stipulation and Order is not approved and the Appeal and the Contempt Order are not

resolved, the Trustee and the Official Committee believe that the Stipulation and Order is in the

best interests of the estate and is well within the range of reasonableness. The Trustee and the

Official Committee submit that the Stipulation and Order is a reasonable compromise of these

disputes and protects the interests of creditors without undue use of estate funds in further

litigation of the disputes.

## **NO PRIOR REQUEST**

20.     No prior request for the relief requested herein has been made to this or any other

court.

## **REQUEST FOR EXPEDITED CONSIDERATION**

21.     The Court has scheduled further hearing on the Bar Date Motion and hearing on

the Contempt Motion for September 23, 2013 at 10:00 a.m. Pursuant to MLBR 9013-1(g)(1)(B),

the Trustee and the Official Committee respectfully request the Court's expedited determination

of this Motion at the September 23 hearing.

22.     Adding this Motion to the existing hearing calendar will provide sufficient notice

of the Motion to parties that may wish to interpose a response while also conserving resources

(both of the Court and the parties) by eliminating the need for a separate hearing on this Motion. Moreover, the Stipulation and Agreed Order, if entered, will resolve the Appeal and will render the Contempt Motion moot with respect to the Participating Notice Intermediaries, simplifying the September 23 proceedings with respect to the Bar Date Motion and obviating the need for hearing on the Contempt Motion with respect to those parties.   Finally, the Stipulation and Agreed Order affect only the rights of the Parties thereto, and not those of any third party. Accordingly, the Trustee and the Official Committee believe that no party in interest would be unduly prejudiced by the immediate scheduling of a September 23, 2013 hearing on this Motion.

## <u>REQUEST FOR LIMITATION OF NOTICE</u>

23.    Pursuant to MLBR 9013-1(g)(2) and Fed. R. Bankr. P. 9007, for the same reasons, the Trustee and the Official Committee respectfully request that this Court permit the Trustee and the Official Committee to limit service of the Motion to: (i) the subjects of the Contempt Motion; (ii) the parties who have filed appearances and requested service of all notices and pleadings; (iii) the twenty (20) largest creditors of the Debtor; and (iv) the Office of the United States Trustee.  See MLBR 2002-1(b).

*[Remainder of this page intentionally left blank]*

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court (i) shorten notice with

respect to the Motion; (ii) limit notice with respect to the Motion; (iii) enter the Stipulation and

Order and grant such other, and (iv) further relief as is appropriate.

Dated: September 10, 2013          Respectfully submitted,
Boston, Massachusetts

**DUANE MORRIS LLP**

By: /s/ Jeffrey D. Sternklar
Jeffrey D. Sternklar (BBO #549561)
100 High Street, Suite 2400
Boston, MA 02110-1724
Phone: (857) 488-4200
Fax: (857) 488-4201
Email: jdsternklar@duanemorris.com

*Counsel for PAUL D. MOORE, in his capacity as
Chapter 11 Trustee of the Defendant New England
Compounding Pharmacy, Inc., d/b/a New England
Compounding Center*

- and -

**BROWN RUDNICK LLP**

By: /s/ Rebecca L. Fordon
William R. Baldiga, Esq. (BBO #542125)
Rebecca L. Fordon, Esq. (BBO #664578)
Kiersten A. Taylor, Esq. (BBO #681906)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
wbaldiga@brownrudnick.com
rfordon@brownrudnick.com
ktaylor@brownrudnick.com

and

David J. Molton, Esq. (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com

*Counsel to the Official Committee of Unsecured
Creditors of New England Compounding
Pharmacy, Inc.*

61401911

## CERTIFICATE OF SERVICE

I, Carol S. Ennis, hereby certify that on this 10th day of September, 2013, I caused a true copy of the foregoing document to be served as indicated on the parties listed on the below Service Lists.

/s/ Carol S. Ennis
Carol S. Ennis, Paralegal
BROWN RUDNICK LLP
One Financial Center
Boston, MA  02111

**VIA ECF:**
ndadams@mintz.com
crb@murphyking.com
bankruptcy@murphyking.com;
icm@murphyking.com
eblythe@mintz.com
dcohn@murthalaw.com
kbratko@murthalaw.com
njoyce@murthalaw.com
rellis@ellisrapacki.com
nmurphy@ellisrapacki.com
feinsmitht@pepperlaw.com
alexsym@pepperlaw.com
john.p.fitzgerald@usdoj.gov
Gill.Geldreich@ag.tn.gov
dglosband@goodwinprocter.com
mrgottfried@duanemorris.com
heathhs@nu.com
honor.heath@gmail.com
jennifer.l.hertz@usdoj.gov
glee@hinshawlaw.com
mambers@hinshawlaw.com
dguerrero@hinshawlaw.com
dtranen@hinshawlaw.com
mantalos@tsd-lawfirm.com
jlmikels@duanemorris.com
remikels@mintz.com
docketing@mintz.com
bos-bankruptcy@hklaw.com
pdmoore@duanemorris.com
mmmelo@duanemorris.com
elliot@pritzkerlaw.com
sue@pritzkerlaw.com
ryan@pritzkerlaw.com
dmr@michaelsward.com
ns@michaelsward.com

bjh@michaelsward.com
kjl@michaelsward.com
kragosta@donovanhatem.com
tbkringe@duanemorris.com
tom@hbsslaw.com
jdsternklar@duanemorris.com
jdsternklar@yahoo.com
mmmilne@duanemorris.com
tunrad@burnslev.com
fdovale@burnslev.com
kwalton@donovanhatem.com
bzall@cmlaw.net
kwintle@murthalaw.com
wriley@price-law.com
jkendall@price-law.com
rhackney@hghblaw.com
mhoover@hghblaw.com
mpgoodma@debevoise.com
mkmonagh@debevoise.com
cawint@debevoise.com
byoung@elpolaw.com
breynolds@elpolaw.com
jja@andersonaquino.com
pbaylor@nutter.com
crb@murphyking.com
bbean@verrilldana.com
mchalos@lchb.com
wchristie@shaheengordon.com
tdardas@hghblaw.com
searly@nutter.com
dff@andersonaquino.com
rfordon@brownrudnick.com
kglidden@verrilldana.com
mehager175@hotmail.com
shirshon@verrilldana.com
slake@hghblaw.com
mmatthes@yaub.com
matthew.matule@skadden.com
mrm@wlekn.com
chris@gideoncooper.com
abozer@phillipslytle.com
erin@jmkllp.com

**VIA FIRST CLASS MAIL:**

Internal Revenue Service
Special Procedures Function
STOP 20800 P.O. Box 9112, JFK Building
Boston, MA 02203

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Office of the Attorney General
Commonwealth Of Massachusetts One
Ashburton Place, 18th Floor
Boston, MA 02108-1518

Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 23rd Floor
Boston, MA 02110-1424

U.S. Department of the Treasury
Attn: Timothy Geithner
1500 Pennsylvania Avenue, NW
Washington, DC 20020

United States Attorney
John Joseph Moakley
US Federal Courthouse,
One Courthouse Way, Suite 9200
Boston Ma 02210

BMW Financial Services NA, LLC P.O.
Box 201347
Arlington, TX 76006

Patrick M Carter
102 West 7th Street P.O.
Box 929
Columbia, TN 38402

Internal Revenue Service
Centralized Insolvency Operation 11601
Roosevelt Blvd., Mail Drop N781
Philadelphia, PA 19154

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
100 Cambridge Street, 7th Floor
Boston, MA 02114-9564

Evan M. Goldman, Esq.
Goldman & Goldman, P.A.
The Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, MD 21093

Thomas Hardin
102 West 7th Street
P.O. Box 929
Columbia, TN 38402

Phillips Murrah P.C.
Corporate Tower 13th Floor 101
North Robinson Avenue
Oklahoma City, OK 73102

Frank Prokos, Esq.
Law Office of Frank Prokos, LLC
1600 Providence Hwy/Rte 1
Walpole, MA 02081

Daniel Tradden, Esq.
Hinshaw & Culbertson
28 State Street, 24th Floor
Boston, MA 02109-1775

Scott J. Tucker, Esq.
Tucker, Heifetz & Saltzman, LLP
100 Franklin Street
Boston, MA 02110

Richard A. Whitlow, Esq.
Gentry Locke Rakes & Moore
10 Franklin Road Southeast
P.O. Box 40013
Roanoke, VA 24022

Darrel Cummings
South Bay Correctional Facility P.O.
Box 7171
South Bay, FL 33493

Daimler Trust
c/o Bk Servicing, LLC PO
Box 131265
Roseville, MN 55113

Patrick T. Fennell, Esq.
Crandall & Katt
366 Elm Avenue, S.W.
Roanoke, VA 24016

H. David Gibson, Esq.
Gentry Locke Rakes & Moore, LLP
10 Franklin Rd., SE, Ste. 800
Roanoke, VA 24011

Robert A. Young
Brett A. Reynolds
English, Lucas, Priest & Owsley, LLP
1101 College Street
Bowling Green, KY  42102-0770

Donald J. Walsh, Esq.
Offit Kurman, P.A.
8 Park Center Court, Suite 200
Owings Mills, MD  21117

Michael D. Galligan, Esq.
Galligan & Newman
309 West Main Street
McMinnville, TN  37110

Terrill Johnson Harris
Carrie A. Hanger
Smith Moore Leatherwood LLP
300 N. Greene Street, Suite 1400
Post Office Box 21927 (27420)
Greensboro, North Carolina 27401

Allegheny Pain Management
1402 Ninth Avenue,
Altoona, Blair, PA  16602

APAC Centers for Pain Management
2450 S. Wolf Rd Suite D
Westchester, Cook, IL  60154

Baltimore Pain Management
9110 Philadelphia Rd - Suite 306
Baltimore, MD  21237

Daniel A. Shapiro, Esq.
Rhonda Beesing, Esq.
Cole, Scott & Kissane
4301 West Boy Scout Blvd., Suite 400
Tampa, FL  33607

Box Hill Surgery Center
100 Walter Ward, Blvd. #200
Abingdon, MD  21009

Dallas Back Pain Management
7515 Greenville Ave.
Dallas, TX  75231

Dr. O'Connell's Pain Care Center
1 Mound Court
Merrimack, NH  03054

Dr. O'Connell's Pain Care Center, Inc.
2299 Woodbury Ave.
Newington, NH  03801

Florida Pain Clinic
2300 S. Pine Ave, Suite B
Ocala, FL  34471

Forsyth Street Ambulatory Surgery
Center
1600-1610 Forsyth Street
Macon, GA  31201

Fort Wayne Physical Medicine
5750 Coventry Lane, Suite 101
Fort Wayne, IN  46804

Harford County ASC, LLC
1952a Pulaski Hwy.
Edgewood, MD 21040

Harris Methodist Southlake Center
1545 E. Southlake Blvd.
Southlake, TX  76092

Insight Imaging-Roanoke
26250 Enterprise Court
Suite 100
Roanoke, VA  92630

Inspira Health Network,Inc.
c/o John J. Aquino
Anderson Aquino LLP
240 Lewis Wharf
Boston, MA  02110

Inspira Medical Centers, Inc.
c/o John J. Aquino
Anderson Aquino LLP
240 Lewis Wharf
Boston, MA  02110

Intervene MD
1341 Old Georgetown Road
Suite B
Mount Pleasant, SC  29464

Interventional Rehabilitation Center
1549 Airport Blvd.
Pensacola, FL  32504

Interventional Spine and Sports Medicine,
PC
1625 Straits Turnpike – Suite 205
Middlebury, CT  06762

Marion Pain Clinic
1199 Delaware Ave., Suite 108
Marion, OH  43302

Marion Pain Management Center
1737A SE 28th Loop
Ocala, FL  34471

North Carolina Orthopaedic Center
3609 Southwest Durham Drive
Durham, NC  27707

Mark L. Schumacher
Bartholomew Freeze
Freund Freeze & Arnold
Capitol Square Office Building
65 E. State Street, Suite 800
Columbus, Ohio 43215-4247

Ortho-Spine Rehabilitation Center, Inc.
7211 Sawmill Road, Suite 101
Dublin, OH  43016

OSMC Outpatient Surgery Center
2310 California Road
Elkhart, IN  46514

Pain Consultants of West Florida
4624 N. Davis highway
Pensacola, FL  32503

Pain Medicine Specialists
8322 Bellona Ave., Suite 330
Towson, MD  21204

PCA Pain Care Center
200 New York Ave.
Oak Ridge, TN  37830

Premier Orthopedics SP
298 South Delsea Drive
Vineland, NJ  08360

Rochester Brain and Spine
400 Red Creek Drive, Suite 120
Rochester, NY  14623

South Jersey Health Care
1505 West Sherman
Vineland, NJ  08360

Southeast Michigan Surgical Hospital
21230 Dequindre Road
Warren, MI  48091

Sunil H. Butani Physician C
184 Old Country Road
Mineola, NY  11501

Surgery Center of Ocala
3241 SW 34th Street
Ocala, FL  34474

Universal Pain Management
819 Auto Center Drive
Palmdale, CA  93551

#61423060

# EXHIBIT A

**EXECUTION VERSION**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ENGLAND COMPOUNDING PHARMACY, INC., | Case No. 12-19882-HJB |
| Debtor. | |

## STIPULATION AND AGREED ORDER

This stipulation and agreed order (the "Stipulation and Order") is entered into by,
between and among (i) Paul D. Moore, in his capacity as chapter 11 trustee (the "Trustee") of
New England Compounding Pharmacy, Inc. ("NECC"); (ii) the Official Committee of
Unsecured Creditors of NECC (the "Official Committee"); and (iii) Inspira Health Network,
Inc., Inspira Medical Centers, Inc., Rochester Brain and Spine Neurosurgery Pain Clinic, LLC,
Southeast Michigan Surgical Hospital, LLC, Insight Health Corp., Harford County Ambulatory
Surgery Center, LLC, Pain Consultants of West Florida, Pain Associates of Charleston, LLC
d/b/a InterveneMD, Premier Surgical Center, LLC, Premier Orthopedics and Sports Medicine
Associates of Southern New Jersey, Dr. Smith Martin, Interventional Spine & Sports Medicine,
P.C., Forsyth Street Ambulatory Surgery Center LLC, Dr. O'Connell's Pain Care Centers, Dr.
O'Connell's Pain Care Centers, Inc., Baltimore Pain Management Center, P.A., Florida Pain
Clinic, Inc., Dr. Stephen T. Pyles, Marion Pain Management Center, Inc., Dr. Mangala J. Shetty,
Box Hill Surgery Center, LLC, Pain Medicine Specialists, P.A., Southlake Specialty Hospital
LLC d/b/a Texas Health Harris Methodist Hospital Southlake, and North Carolina Orthopedic
Clinic (each a "Participating Notice Intermediary" and, collectively, the "Participating Notice

Intermediaries"). The Trustee, the Official Committee and the Participating Notice Intermediaries (each a "Stipulator" and collectively, the "Stipulators") hereby stipulate and agree as follows:

**WHEREAS**, on December 21, 2012, NECC filed a petition in the United States Bankruptcy Court for the District of Massachusetts (this "Court") seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") [Dkt. No. 1];

**WHEREAS**, NECC is also party to a multi-district litigation proceeding in the United States District Court for the District of Massachusetts (the "MDL Court") captioned *In re New England Compounding Pharmacy, Inc. Products Liability Litigation,* No. 13-md-2419 (D. Mass.) (the "MDL Proceeding");

**WHEREAS**, on June 28, 2013, the Trustee filed the *Chapter 11 Trustee's Motion for an Order (I) Establishing Bar Dates for Filing Proofs of Claim; (II) Approving Certain Additional Documentation Requirements and Procedures for Personal Injury Tort and Wrongful Death Claims; (III) Approving the Form and Manner of Notice Thereof; and (IV) Granting Additional Related Relief* [Dkt. No. 263] and on July 3, 2013, the Trustee filed the *Supplemental Statement Regarding Chapter 11 Trustee's Motion for an Order (I) Establishing Bar Dates for Filing Proofs of Claim; (II) Approving Certain Additional Documentation Requirements and Procedures for Personal Injury Tort and Wrongful Death Claims; (III) Approving the Form and Manner of Notice and Manner of Notice Thereof; and (IV) Granting Additional Relief* [Dkt. No. 269] (collectively, the "Bar Date Motion");

**WHEREAS**, on July 24, 2013, this Court held a hearing on the Bar Date Motion. On July 29, 2013, this Court entered the *Interim Order Regarding Chapter 11 Trustee's Motion for an Order Establishing Bar Dates for Filing Proofs of Claim and for Related Relief Concerning*

*Notice by Notice Intermediaries* (the "Interim Bar Date Order") [Dkt. No. 412].  The Interim Bar Date Order required each of the NECC Contaminated Product Recipients (as that term was defined in the Interim Bar Date Order) to prepare a list (a "List") containing, with respect to each person to whom that particular Recipient administered methylprednisolone acetate, the following information:

 a.  Name;
 b.  Address, telephone number and e-mail address;
 c.  Last four digits of such individual's social security number;
 d.  Product(s) from the Lots that was (were) administered (including the Lot number(s) of the Lot(s) in which such product(s) was (were) included);
 e.  The date(s) on which such product(s) was (were) administered; and
 f.  the identity of the facility and the person or persons who administered such product(s).

See Interim Bar Date Order ¶ 1.  The Interim Bar Date Order required each NECC Contaminated Product Recipient to submit its List and provide a sworn certification that such List is accurate and complete by August 16, 2013 to (i) the Trustee; (ii) Brown Rudnick LLP, as counsel to the Official Committee; and (iii) and Plaintiffs' Lead Counsel of the Plaintiffs' Steering Committee ("PSC") appointed the MDL Proceeding.  See Interim Bar Date Order ¶¶ 2, 8;

 **WHEREAS**, on August 7, 2013, this Court entered an Order denying the motion filed by certain of the Participating Notice Intermediaries for reconsideration and amendment of the Interim Bar Date Order  [Dkt. No. 441] (the "Order Denying Reconsideration of Bar Date Order");

 **WHEREAS**, on August 9, 2013 and August 12, 2013, certain of the Participating Notice Intermediaries filed their *Notice of Appeal of Interim Bar Date Order and Reconsideration Order and Joinder* [Dkt. Nos. 458, 471] ("Notices of Appeal"), purporting to appeal the entry of the Interim Bar Date Order and the Order Denying Reconsideration of the Bar Date Order. On August 12, 2013, certain of the Participating Notice Intermediaries filed an amendment to the

3

Notice of Appeal filed at Dkt. No. 458 [Dkt. No. 474], which amendment was later joined by at least one other Participating Notice Intermediary [Dkt. No. 484]. The appeal is captioned *Dr. O'Connell's Pain Care Center et al. v. New England Compounding Pharmacy, Inc.*, 13-cv-11956-FDS (D. Mass) (the "Appeal");

**WHEREAS**, on August 13, 2013, certain of the Participating Notice Intermediaries filed the *Joint Motion to Stay Pending Appeal* [Dkt. No. 476];

**WHEREAS**, on August 13, 2013, this Court entered the Order Denying Joint Motion filed by Interested Parties Dr. O'Connell's Pain Care Center and other Parties to Stay Pending Appeal [Dkt. No. 479];

**WHEREAS**, on August 14, 2013, the parties to the Appeal filed an Emergency Motion for Stay Pending Appeal in the District Court ("Motion for Stay"), which motion remains pending;

**WHEREAS**, on August 21, 2013, the Trustee and the Official Committee jointly filed their *Emergency Joint Motion Of The Chapter 11 Trustee And Official Committee Of Unsecured Creditors For Finding Of Civil Contempt* [Dkt. No. 506] (the "Contempt Motion"), requesting that the Court hold in contempt those NECC Contaminated Product Recipients who did not timely comply with the Interim Bar Date Order. On that same date, this Court entered an Order denying the emergency determination, and setting the hearing on the underlying Contempt Motion for September 23, 2013 [Dkt. No. 520]; and

**WHEREAS**, the Stipulators intend this Stipulation and Order to be, upon approval of the Court, a resolution of (i) the obligations of the Participating Notice Intermediaries pursuant to the Interim Bar Date Order; (ii) the Contempt Motion, solely as it relates to the Participating Notice Intermediaries; and (iii) the Appeal, solely as it relates to the Participating Notice Intermediaries.

4

**WHEREAS**, as a principal inducement for the Participating Notice Intermediaries to enter into this Stipulation and Order, the Stipulators seek to preserve and protect the Personal Identifying Information and Additional Personal Identifying Information (both as defined in this Stipulation and Order) through the confidentiality provisions set forth in this Stipulation and Order.

**NOW, THEREFORE**, in consideration of the foregoing and of the mutual promises hereinafter set forth and for other good cause and valuable consideration, the receipt of which is hereby acknowledged, **IT IS HEREBY STIPULATED, AGREED AND ORDERED THAT**:

1.      **Effecting Notice of Interim Bar Date Order**: To assist in the Trustee's provision of notice in accordance with the Interim Bar Date Order to each person to whom a Participating Notice Intermediary administered, or may have administered, methylprednisolone acetate that came, or may have come, from one of the three "Lots" (as defined in the Interim Bar Date Order), each Participating Notice Intermediary shall provide to the Trustee, a list (as from each Participating Notice Intermediary, the "List," and as to all Participating Notice Intermediaries in the aggregate, the "Lists"), subject to the confidentiality provisions as set forth in paragraph 5 of this Stipulation and Order, reflecting each and every person to whom a Participating Notice Intermediary administered, or may have administered, methylprednisolone acetate from one or more of the Lots, which List shall contain each and every such person's name, address, and the last four digits of that person's social security number (the "Personal Identifying Information"), solely to the extent that the Participating Notice Intermediary has such Personal Identifying Information. For purposes of transmitting the Personal Identifying Information, each Participating Notice Intermediary shall provide a sworn certification that such Participating Notice Intermediary complied fully with the terms of this Stipulation and Order

5

(the "PII Certification"). The Personal Identifying Information and the PII Certification must be provided to the Trustee within three business days of approval by the Court of this Stipulation and Order. For purposes of this Stipulation and Order, the information provided to the counsel for the Official Committee and the Counsel for the PSC shall also be referred to and included as part of the defined term, "Personal Identifying Information."

2.      **Additional Information**.  Subject to the confidentiality provisions as set forth in paragraph 5 of this Stipulation and Order, if and only if the notice of the Interim Bar Date Order the Trustee mails to any person is returned or undeliverable due to an insufficient address or any other problem, the Participating Notice Intermediary in possession of that person's identifying information shall additionally provide to the Trustee that person's telephone number or email address ("Additional Personal Identifying Information"), solely to the extent the Participating Notice Intermediary has the person's telephone number and/or email address, solely to permit the Trustee to determine that person's correct mailing address or to otherwise contact such person so as to deliver notice of the bar date (the "Bar Date Notice") in the form and manner approved by this Court, and otherwise in accordance with, such orders as may be entered by the Court.

3.      **Information Provided to Counsel for the Official Committee**.  Subject to the confidentiality provisions as set forth in paragraph 5 of this Stipulation and Order, the Trustee - shall  provide the Personal Identifying Information, in the manner set forth in the second and third sentences of this paragraph 3, and the PII Certifications to counsel for the Official Committee, on an attorney's-eyes-only basis (but, for the avoidance of doubt, not to individual members of the Official Committee) if and only if the Official Committee unconditionally and without reservation supports the Court's approval of this Stipulation and Order in all respects. Before providing the Personal Identifying Information to counsel for the Official Committee, the

6

Trustee and/or his Agent (as defined in paragraph 6) shall (1) redact, with respect to each person identified, all Personal Identifying Information and any Additional Personal Identifying Information, and (2) provide a listing or numbering mechanism for the Lists such that the counsel for the Official Committee may be able to ascertain only the number of persons for whom each Stipulator has provided Personal Identifying Information, but otherwise with no further distinctions or information. For the avoidance of doubt, each person's name, address, social security number, and other identifying information, shall be redacted in the aggregated list provided to counsel to the Official Committee.

      4.      **<u>Information Provided to Lead Counsel for the PSC.</u>** Subject to the confidentiality provisions as set forth in paragraph 5 of this Stipulation and Order, the Trustee - shall provide the Personal Identifying Information, in the manner set forth in the second and third sentences of this paragraph 4, and the PII Certifications to lead counsel for the PSC, on an attorney's-eyes-only basis (but, for the avoidance of doubt, not to individual members of the PSC) <u>if and only if</u> the PSC unconditionally and without reservation supports the Court's approval of this Stipulation and Order in all respects. Before providing the Personal Identifying Information to lead counsel for the PSC, the Trustee and/or his Agent (as defined in paragraph 6) shall (1) redact all Personal Identifying Information and any Additional Personal Identifying Information, and (2) provide a listing or numbering mechanism for the Lists such that lead counsel for the PSC may be able to ascertain only the number of persons for whom each Stipulator has provided Personal Identifying Information but otherwise with no further distinctions or information. For the avoidance of doubt, each person's name, address, social security number, and other identifying information, shall be redacted in the aggregated list provided to lead counsel for the PSC.

5.     **Confidentiality**. The Trustee, and, to the extent they receive the Personal Identifying Information from the Trustee or the Agent, counsel for the Official Committee and lead counsel for the PSC, shall hold the Personal Identifying Information and, if applicable, the Additional Personal Identifying Information, in the strictest of confidence in accordance with the provisions of this paragraph 5.  The Trustee shall neither disclose to other persons or entities, except as explicitly provided in paragraphs 3 and 4 of this Stipulation and Order, nor (subject to paragraph 12) use for any purpose, other than the purpose of effecting notice of the bar date as required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the orders of this Court approving the bar date, the Personal Identifying Information or the Additional Personal Identifying Information, and counsel for the Official Committee and lead counsel for the PSC shall neither disclose to other persons or entities nor use for any purpose the Personal Identifying Information, other than the purpose of verifying the thoroughness of service of notice by the Trustee or the Agent (as defined herein); _provided_, _however_, that the Trustee may share the Personal Identifying Information and any Additional Personal Identifying Information, with any HIPAA-compliant agent (the "_Agent_") which files with this Court an unqualified and unconditional commitment to hold such information strictly in accordance with this Stipulation and Order and uses such information solely and exclusively to effect notice of the bar date as required by the Bankruptcy Code and the order of this Court approving the bar date.  For the avoidance of doubt, in no event shall the Agent or the Trustee disclose the Personal Identifying Information or the Additional Personal Identifying Information to the PSC, any individual members of the PSC, the Official Committee, any individual members of the Official Committee, or to the respective counsel of any of the foregoing, or to any other third party, except as specifically provided in paragraphs 3 and 4 of this Stipulation and Order.

The Trustee shall instruct his Agent ensure that all Personal Identifying Information and any Additional Personal Identifying Information, is to be stored in a HIPAA-compliant manner.  Specifically, the Trustee shall instruct his Agent to use appropriate safeguards, including compliance with Subpart C of 45 C.F.R. Part 164 with respect to electronic protected health information, to prevent the use or disclosure of Personal Identifying Information and any Additional Personal Identifying Information other than as provided by this Stipulation and Order.

The Trustee shall require that his Agent that receives or maintains the Personal Identifying Information and any Additional Personal Identifying Information on behalf of the Trustee agrees in writing to the same restrictions, conditions, and requirements that the Stipulation and Order imposes upon the Trustee with respect to such information.

The Trustee, his Agent, and the Official Committee agrees to report promptly to the affected Participating Notice Intermediary any use or disclosure by the Trustee, his Agent, the PSC, or the Official Committee of the Personal Identifying Information or any Additional Personal Identifying Information provided to the Trustee by that Participating Notice Intermediary, not in compliance with this Stipulation and Order, of which it becomes aware.  The Trustee shall use reasonable efforts to mitigate, to the extent reasonable and practicable and not inconsistent with the Trustee's fiduciary duties in this case (as determined by the Trustee in his sole and absolute discretion), any harmful effect known or made known to the Trustee of a use or disclosure of the Personal Identifying Information or any Additional Personal Identifying Information by the Trustee or the Agent in violation of this Stipulation and Order, provided, however, the Trustee shall have no obligation to perform any act or omission that would require the expenditure of material amounts of money or would result in the incurrence of any material liability or indebtedness (including liability for administrative expenses or professional fees)

unless (i) arrangements acceptable to the Trustee in his sole and absolute discretion are made to indemnify him from and satisfy any such costs, liabilities or indebtedness and (ii) the Trustee determines in his sole and absolute discretion that any act or omission he might perform is not inconsistent with his fiduciary duties in this case.  Notwithstanding anything to the contrary in this Stipulation and Order, the Trustee shall have no liability for any alleged loss, damage, claim or expense allegedly incurred as a result of any use or disclosure of Personal Identifying Information other than as set forth in this Stipulation and Order, other than as arising from the Trustee's gross negligence or willful misconduct.

The Personal Identifying Information and the Additional Personal Identifying Information shall be deemed strictly confidential, and shall not be subject to being disclosed to any third party, by subpoena or otherwise, not permitted to receive such Lists and/or Personal Identifying Information pursuant to this Stipulation and Order, except as otherwise ordered by this Court in furtherance of its exclusive power to modify, interpret and enforce this Stipulation and Order.

In the event that the Trustee, the Agent, or the Official Committee is legally required (by oral questions, interrogatories, formal legal requests for information or documents in legal proceedings or by subpoena, civil investigative demand, regulatory authority or other similar process) by any court of competent jurisdiction or by a federal, state or local governmental or regulatory body, to disclose any of the Personal Identifying Information or the Additional Personal Identifying Information, (1) the Trustee, the Agent, or the Official Committee, as applicable, shall, to the extent lawful, make reasonable and practical efforts to provide the relevant Participating Notice Intermediaries with prompt written notice of any such requirement, and (2) the Trustee shall make reasonable efforts (in accordance with the proviso in the

paragraph prior to the immediately preceding paragraph) to bring a motion to enforce this Stipulation and Order.

With respect to service of the bar date notice to the persons for whom Personal Identifying Information or Additional Personal Identifying Information is provided to the Trustee, the Agent shall file a certificate of service that does not contain any Personal Identifying Information or Additional Personal Identifying Information; provided however, that such certificate of service may state how many such individuals were served. If an individual challenges effective notice, to the extent such individual's bar date notice was provided pursuant to the foregoing certificate of service, (1) only that individual's name and address may be released by the Agent or the Trustee, and (2) the Trustee or the Agent shall make reasonable efforts to provide the relevant Participating Notice Intermediary with three business days' advanced written notice of the release of such information.

The Personal Identifying Information and Additional Personal Identifying Information (including any copies made thereof), whether such information is electronic or in hard copy format, shall be purged and destroyed (1) by the Trustee and the Agent, upon the earlier of (a) the closing of the chapter 11 case or the closing of a chapter 7 case, as applicable, or (b) dismissal of the chapter 11 case or dismissal of a chapter 7 case, as applicable, and (2) by counsel for the Official Committee or lead counsel for the PSC, upon the earlier of (a) the effective date of a plan of reorganization, (b) dismissal of the chapter 11 case, or (c) conversion to chapter 7.

In the event that any person or entity attempts or threatens attempt to obtain the Personal Identifying Information or the Additional Personal Identifying Information in any manner whatsoever, including, without limitation, any efforts to obtain the Personal Identifying

Information or the Additional Personal Identifying Information on appeal of the Stipulation and Order, the Trustee and the Official Committee shall each use reasonable efforts to the extent not inconsistent with their fiduciary duties and the best interests of NECC's bankruptcy estate and its creditors, to (1) seek to protect the integrity of the Stipulation and Order, (2) seek to defend against all efforts to obtain the Personal Identifying Information or Additional Personal Identifying Information, (if appropriate) by seeking to obtain an appropriate protective order or any other reliable assurance that the Personal Identifying Information and the Additional Personal Identifying Information will be accorded confidential treatment as contemplated by this Stipulation and Order, (3) seek to preserve and protect the confidentiality of the Personal Identifying Information and the Additional Personal Identifying Information, and (4) cooperate with the relevant Participating Notice Intermediaries by making reasonable efforts to provide prompt written notice of any effort or threat by any party to obtain the Personal Identifying Information or Additional Personal Identifying Information.

6.     **<u>Motion for Approval of Stipulation and Order</u>**. As promptly as is reasonably practicable following execution of this Stipulation and Order by the Participating Notice Intermediaries, and in no event later than September 7, 2013, the Trustee and the Official Committee shall jointly file a 9019 Motion for Approval of this Stipulation and Order (the "<u>Rule 9019 Motion</u>") seeking entry by this Court of this Stipulation and Order. At least one business day prior to filing the Rule 9019 Motion, the Trustee and the Official Committee shall circulate a draft to the Participating Notice Intermediaries for comment, which comments shall be considered in good faith by the Trustee and the Official Committee. The Trustee and the Official Committee shall move to shorten notice on the Rule 9019 Motion and shall seek to set the Rule

9019 Motion for hearing on the soonest possible hearing date, but in any event shall seek to set the hearing no later than September 23, 2013.

7.     **HIPAA Compliance**.   The Personal Identifying Information and Additional Personal Identifying Information may constitute "protected health information" within the meaning of 45 C.F.R. § 160.103.  Participating Notice Intermediaries that are "covered entities" (as defined by 45 C.F.R. § 160.103) are authorized to disclose such protected health information to the extent required by this Stipulation and Order.

8.     **Suspension of Appeal**. Immediately upon the filing of the Rule 9019 Motion, the Participating Notice Intermediaries shall file a motion in the District Court, in a form reasonably acceptable to the other Stipulators, requesting that the District Court defer consideration of the Appeal and any other appeals of the Interim Bar Date Order, and all related motions, until such time as this Court has either (a) denied approval of this Stipulation and Order or (b) entered the Stipulation and Order.   Upon entry of the Stipulation and Order, the Participating Notice Intermediaries shall withdraw the Appeal and any other currently pending appeals of the Interim Bar Date Order, and all related motions that are currently pending.

9.     **Withdrawal of Motion for Contempt**. Upon execution of this Stipulation and Order, the Contempt Motion shall be deemed withdrawn solely as to each Participating Notice Intermediary, without prejudice to the Trustee's and/or the Official Committee's right to seek the same or other relief sought in the Contempt Motion (including sanctions on account of the failure to comply with the Interim Bar Date Order prior to the date of this Stipulation and Order) by later renewing the Contempt Motion as to that Participating Notice Intermediary if this Court denies approval of this Stipulation and Order, provided, however, that no sanctions shall be sought or accepted on account of the period from and including the date of this Stipulation until

the earlier of (a) the date this Court denies the 9019 Motion, plus four business days, or (b) the date the District Court denies the Motion for Stay, plus four business days. For the avoidance of doubt, entry into this Stipulation and Order does not constitute a waiver of any right of any Participating Notice Intermediary to contest or defend against any sanctions with respect to the Interim Bar Date Order in the event this Court denies the 9019 Motion.  Upon effectiveness of this Stipulation and Order, the Trustee and the Official Committee shall be forever barred from seeking the same or similar relief sought in the Contempt Motion (including sanctions on account of the failure to comply with the Interim Bar Date Order prior to the date of this Stipulation and Order); provided however, that the Trustee and the Official Committee may seek the same or similar relief sought in the Contempt Motion on account of any Participating Notice Intermediaries' failure, if applicable, to comply with the obligations imposed by this Stipulation and Order.

10. **Participating Notice Intermediaries Support the Interim Bar Date Order**. Each Participating Notice Intermediary signatory to this Stipulation and Order unconditionally, without reservation, and in all respects, shall support the Interim Bar Date Order, as modified by this Stipulation and Order.   Upon the effective date of the Stipulation and Order, each Participating Notice Intermediary signatory to this Stipulation and Order shall promptly withdraw any appeal of, any motion to stay pending appeal of, any objection to, or any other pleading in opposition to the Interim Bar Date Order. Notwithstanding anything herein to the contrary, each Participating Notice Intermediary reserves the right to object to the proposed forms of bar date notices currently set for a hearing on September 23, 2013, and such objection deadline shall be September 16, 2013.

11.     **Modification of Prior Order; Stipulation and Order Controls**. The Stipulation

and Order shall supplement but not supersede the Interim Bar Date Order with respect to the

Participating Notice Intermediaries generally, but shall modify the Interim Bar Date Order only

to the extent approved by the Court only as to such aspects of this Stipulation and Order that are

inconsistent with the Interim Bar Date Order.  For the avoidance of doubt, in the event of conflict

between the Interim Bar Date Order, on one hand, and the Stipulation and Order, on the other

hand, this Stipulation and Order controls.

12.     **Limitation on Scope of Stipulation and Order**.  This Stipulation and Order

pertains only to (a) the Bar Date Motion and the Interim Bar Date Order, and (b) the rights of the

Stipulators to receive the Personal Identifying Information.  For the avoidance of doubt, but in all

respects subject to the confidentiality provisions contained in paragraph 5 of this Stipulation and

Order, this Stipulation and Order is without prejudice as to any other rights of any Stipulator and

does not constitute a waiver of (x) the right of any Stipulator to seek the information contained

on the Lists in the context of litigation, mediation, and/or claims resolution unrelated to the Bar

Date Motion; (y) the rights of the Stipulators in any litigation that may arise as to whether any

Stipulator has performed in accordance with this Stipulation, or litigation that may arise to

compel such performance; or (z) (y) any defenses to further production of the Lists or the

Personal Identifying Information.

13.     **No Waiver of Jurisdictional Arguments**.  Neither this Stipulation and Order nor

the negotiations related thereto, shall in any way prejudice the Participating Notice

Intermediaries' arguments with respect to this Court's lack of subject matter jurisdiction and/or

personal jurisdiction over one or more of the Participating Notice Intermediaries.  This

Stipulation and Order shall not be construed or cited as grounds for establishing jurisdiction over a Participating Notice Intermediary.

14.    **No Waiver of Patient Privilege**. Entry into this Stipulation and Order and implementation thereof shall not waive or in any way prejudice the assertion of any patient privilege, privacy interest, or confidentiality under any applicable federal or state statutes, laws, rules, regulations, or case law, and further, that compliance with  Stipulation and Order by any Participating Notice Intermediary shall not be deemed to constitute a violation of any such patient privilege, privacy interest, or confidentiality obligation.

15.    **Conditions to Effectiveness of Stipulation and Order**.  This Stipulation and Order shall become effective upon the satisfaction of the following conditions: (1) execution of the Stipulation and Order by the Trustee, the Official Committee, and the Participating Notice Intermediaries; and (2) entry by this Court of this Stipulation and Order.

16.    **Exculpation.** Each Participating Notice Intermediary that complies with this Stipulation and Order shall be exculpated from any and all claims, actions, suits, demands, damages, obligations, losses, settlements, judgments, costs and expenses, including, without limitation, reasonable attorney's fees and costs (collectively, the "Liabilities") to any entity or person arising from or related to the disclosure of Personal Identifying Information or Additional Personal Identifying Information in accordance with the terms of this Stipulation and Order.

17.    **No Further Requests.** Neither the Trustee nor the Official Committee shall request from any of the Participating Notice Intermediaries any further information whatsoever in connection with the Interim Bar Date Order or effecting service of the Bar Date Notice, except as specifically provided in this Stipulation And Order. Nothing in this Stipulation And Order shall affect the right of the Trustee, Official Committee, or PSC to seek discovery or request

16

information from the Participating Notice Intermediaries for purposes other than service of the Bar Date Notice.

18. **Successors and Assigns**. This Stipulation And Order shall be binding upon and inure to the benefit of the Stipulators hereto, their respective heirs, agents, assigns and successors.

19. **Binding Effect**. The Stipulators' respective rights, obligations, remedies and protections provided for in this Stipulation And Order shall survive the conversion, dismissal or closing of this Chapter 11 Case or the appointment of a chapter 7 trustee therein.

20. **No Admission**. Neither the execution nor delivery of this Stipulation And Order shall constitute an admission of any wrongdoing or liability whatsoever on the part of any of the Stipulators.

21. **Further Assurances**. The Stipulators hereby agree promptly to execute and deliver any and all such further instruments and documents and to take all such further actions as may be reasonably required by the other Stipulators to effectuate the terms and conditions of this Stipulation And Order.

22. **Construction**. No Stipulator shall be deemed the drafter of this Stipulation and Order. The headings herein are solely for the convenience of the Stipulators and do not form a substantive part of this Stipulation and Order. If any term or other provision of this Stipulation and Order is finally held by a court having competent jurisdiction to be invalid, illegal or incapable of being enforced by any rule of law, equity or public policy: (i) said term or other provision shall be enforced to the maximum extent allowed and/or construed in order to effect the intent of the Stipulators as closely as possible; and (ii) all other conditions and provisions of

this Stipulation and Order not otherwise affected shall nevertheless remain in full force and effect.

23.    **Entire Agreement**.  This Stipulation and Order constitutes the entire agreement and understanding among the Stipulators with respect to the subject matter of this Stipulation and Order, sets forth all terms and conditions of this Stipulation and Order, and cancels and supersedes any and all prior agreements, representations and/or understandings, whether written or oral, among the Stipulators relating to the subject matter of this Stipulation and Order. Further, neither this Stipulation and Order nor any terms hereof may be amended, changed, waived or discharged unless such amendment, change, waiver or discharge is in a writing signed by the Stipulator against whom enforcement is sought.

24.    **Representation by Counsel**.  The Stipulators acknowledge the benefit of professional advice rendered by legal counsel of their own selection prior to entering into this Stipulation and Order.  The Stipulators further acknowledge that they have had a sufficient opportunity to discuss and review this Stipulation and Order with their attorneys and fully understand and agree to the terms set forth herein.

25.    **Costs**.  Each Stipulator shall bear its own costs and expenses in connection with entering into this Stipulation and Order, including legal fees and expenses.

26.    **Counterparts**.  This Stipulation and Order may be executed in counterparts. Each counterpart shall be deemed an original.  All counterparts shall constitute a single agreement.  A facsimile or electronic .PDF file of a signed copy of the Stipulation and Order shall serve as an original executed copy for all purposes.

*[Remainder of this page intentionally left blank]*

18

**IT IS SO ORDERED**, this _____ day of September, 2013

_____

UNITED STATES BANKRUPTCY JUDGE

[*Signature Pages to Follow*]

[*Remainder of this page intentionally left blank*]

**IN WITNESS WHEREOF**, the Stipulators hereto have signed this Stipulation and Agreed Order as of the day and year specified below.

PAUL D. MOORE, CHAPTER 11 TRUSTEE

Date:  September 5, 2013

By:  _____
      Jeffrey D. Sternklar, Esq.
      DUANE MORRIS LLP
      100 High Street
      Suite 2400
      Boston, MA 02110-1724
      Telephone:  (857) 488-4216
      Facsimile:  (857) 401-3034
      jdsternklar@duanemorris.com

*[Signature Page to Stipulation and Agreed Order]*

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NEW ENGLAND
COMPOUNDING PHARMACY, INC.

Date: _9/5/2013_____

By: _____
    William R. Baldiga, Esq. (BBO #542125)
    Rebecca L. Fordon, Esq. (BBO #664578)
    Kiersten A. Taylor, Esq. (BBO #681906)
    One Financial Center
    Boston, MA 02111
    Telephone: (617) 856-8200
    Facsimile: (617) 856-8201
    wbaldiga@brownrudnick.com
    rfordon@brownrudnick.com
    ktaylor@brownrudnick.com

and

    David J. Molton, Esq.
    (admitted *pro hac vice*)
    Seven Times Square
    New York, NY 10036
    Telephone: (212) 209-4800
    Facsimile: (212) 209-4801
    dmolton@brownrudnick.com

*[Signature Page to Stipulation and Agreed Order]*

NORTH CAROLINA ORTHOPEDIC CLINIC

Date: 9/5/2013

By:
Mark E. Anderson
McGuireWoods LLP
434 Fayetteville Street, Suite 2600
Raleigh, NC 27601
Telephone: (919) 755-6678
Facsimile: (919) 755-6581
manderson@mcguirewoods.com

*[Signature Page to Stipulation and Agreed Order]*

INTERVENTIONAL SPINE & SPORTS MEDICINE, P.C.

Date: 9/5/13

By: _____

Martin S. Hyman, Esq.
Matthew C. Daly, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, NY 10022-7020
Telephone:  (212) 907-7360
Facsimile:  (212) 754.0777
mhyman@golenbock.com
mdaly@golenbock.com

*[Signature Page to Stipulation and Agreed Order]*

BALTIMORE PAIN MANAGEMENT CENTER, P.A.

Date: _____ 9-5-13 _____

By: _____

Michelle J. Marzullo, Esq.
MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.
600 Baltimore Avenue
Suite 305
Towson, MD 21204
Telephone: (410) 339-6880
mmarzullo@moodklaw.com

*[Signature Page to Stipulation and Agreed Order]*

HARFORD COUNTY AMBULATORY
SURGERY CENTER LLC

Date: _____9/5/2013_____

By: _____

    Thomas J. Althauser, Esq.
ECCLESTON & WOLF P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076
Telephone:  (410) 752-7474
Facsimile:  (410) 752-0611
althauser@ewmd.com

*[Signature Page to Stipulation and Agreed Order]*

DR. O'CONNELL'S PAIN CARE CENTERS

Date: _____ 9-5-13 _____

By: _____

William E. Christie, Esq.
Benjamin Siracusa Hillman, Esq.
SHAHEEN & GORDON, P.A.
107 Storrs Street, PO Box 2703
Concord, NH 03302
Telephone: (603) 225-7262

wchristie@shaheengordon.com
bsiracusahillman@shaheengordon.com


DR. O'CONNELL'S PAIN CARE CENTERS, INC.

Date: _____ 9-5-13 _____

By: _____

William E. Christie, Esq.
Benjamin Siracusa Hillman, Esq.
SHAHEEN & GORDON, P.A.
107 Storrs Street, PO Box 2703
Concord, NH 03302
Telephone: (603) 225-7262

wchristie@shaheengordon.com
bsiracusahillman@shaheengordon.com


*[Signature Page to Stipulation and Agreed Order]*

PREMIER SURGICAL CENTER, LLC

Date: _____9.5.13_____

By: _____

    Jay J. Blumberg, Esq.
    Christopher Wolk, Esq.
    LAW OFFICES OF JAY J. BLUMBERG
    158 Delaware Street
    P.O. Box 68
    Woodbury, NJ 08096
    Telephone:  (856) 848-7472
    Facsimile:  (856) 848-8012
    jjblumberg@blumberg-lindner.com
    cwolk@blumberg-lindner.com

DR. SMITH MARTIN

Date: _____9.5.13_____

By: _____

    Jay J. Blumberg, Esq.
    Christopher Wolk, Esq.
    LAW OFFICES OF JAY J. BLUMBERG
    158 Delaware Street
    P.O. Box 68
    Woodbury, NJ 08096
    Telephone:  (856) 848-7472
    Facsimile:  (856) 848-8012
    jjblumberg@blumberg-lindner.com
    cwolk@blumberg-lindner.com

PREMIER ORTHOPEDICS AND SPORTS
MEDICINE ASSOCIATES OF SOUTHERN
NEW JERSEY

Date: _____9.5.13_____

By: _____

    Jay J. Blumberg, Esq.
    Christopher Wolk, Esq.
    LAW OFFICES OF JAY J. BLUMBERG
    158 Delaware Street
    P.O. Box 68
    Woodbury, NJ 08096
    Telephone:  (856) 848-7472
    Facsimile:  (856) 848-8012
    jjblumberg@blumberg-lindner.com
    cwolk@blumberg-lindner.com

*[Signature Page to Stipulation and Agreed Order]*

ROCHESTER BRAIN AND SPINE
NEUROSURGERY PAIN CLINIC, LLC

Date: 9/5/13

By:

   Alan J. Bozer, Esq.
   Joanna J. Chen, Esq.
   PHILLIPS LYTLE LLP
   3400 HSBC Center
   Buffalo, NY 14203-2887
   Telephone:  (716) 847-8400
   Facsimile:  (716) 852-6100
   ABozer@phillipslytle.com
   JChen@phillipslytle.com

*[Signature Page to Stipulation and Agreed Order]*

SOUTHEAST MICHIGAN SURGICAL HOSPITAL LLC

Date: _September 5, 2013_

By: _Kathryn J Humphrey_

    Kathryn J. Humphrey, Esq.
    Richard M. Bendix, Jr., Esq.
    Susan E. Asam, Esq.
    DYKEMA
    400 Renaissance Center
    Detroit, MI 48243
    Telephone: (313) 568-6800
    Facsimile:  (313) 568-6893
    khumphrey@dykema.com
    rbendix@dykema.com
    sasam@dykema.com

*[Signature Page to Stipulation and Agreed Order]*

INSPIRA HEALTH NETWORK, INC., f/k/a SOUTH JERSEY HEALTH SYSTEM, INC.

Date: _9/5/13_

By: _[signature]_
Stephen A. Grossman, Esq.
MONTGOMERY McCRACKEN WALKER & RHOADS LLP
457 Haddonfield Rd
Cherry Hill, NJ 08002
Telephone:  856-488-7767
Facsimile:  856-488-7720
SGrossman@mmwr.com


INSPIRA MEDICAL CENTERS, INC., f/k/a SOUTH JERSEY HOSPITAL, INC.)

Date: _9/5/13_

By: _[signature]_
Stephen A. Grossman, Esq.
MONTGOMERY McCRACKEN WALKER & RHOADS LLP
457 Haddonfield Rd
Cherry Hill, NJ 08002
Telephone:  856-488-7767
Facsimile:  856-488-7720
SGrossman@mmwr.com

[*Signature Page to Stipulation and Agreed Order*]

PAIN ASSOCIATES OF CHARLESTON, LLC d/b/a INTERVENEMD

Date: _September 5, 2013_

By: _____

    Robert H. Hood, Esq.
    HOOD LAW FIRM
    172 Meeting Street
    Charleston, SC 29401
    Telephone:  (843) 577-4435
    Facsimile: (843) 722-1630
    bobby.hood@hoodlaw.com

*[Signature Page to Stipulation and Agreed Order]*

PAIN CONSULTANTS OF WEST FLORIDA

Date: _____

By: _____
Halley M. Stephens, Esq. (00187)
FULLER, MITCHELL, HOOD & STEPHENS, LLC
2565 Barrington Circle
Tallahassee, FL 32308
Telephone: (850) 222-0770
Facsimile: (850) 222-0760
hstephens@fmhslaw.com

[*Signature Page to Stipulation and Agreed Order*]

SOUTHLAKE SPECIALTY HOSPITAL, LLC d/b/a TEXAS HEALTH HARRIS METHODIST
HOSPITAL SOUTHLAKE

Date: 9/5/13

By: _____
    Brandon Kulwicki
    Stewart Strong, PLLC
    1701 N. Market Street
    Suite 200
    Dallas, TX 75202
    Telephone: (214) 615-2000
    Facsimile: (214) 615-2001
    brandon@stewartstrong.com

*[Signature Page to Stipulation and Agreed Order]*

BOX HILL SURGERY CENTER, LLC

Date: _9/5/13_____

By:_Gregory K Kirby_____
    Gregory K. Kirby, Esq.
    PESSIN KATZ LAW, P.A.
    901 Dulaney Valley Road | Suite 400
    Towson, MD 21204
    Telephone: (410) 769-6143
    Facsimile: (410) 832-5644
    gkirby@pklaw.com


PAIN MEDICINE SPECIALISTS, P.A.

Date: _9/5/13_____

By:_Gregory K Kirby_____
Gregory K. Kirby, Esq.
PESSIN KATZ LAW, P.A.
901 Dulaney Valley Road | Suite 400
Towson, MD 21204
Telephone: (410) 769-6143
Facsimile: (410) 832-5644
gkirby@pklaw.com


*[Signature Page to Stipulation and Agreed Order]*

FORSYTH STREET AMBULATORY SURGERY CENTER, LLC

Date: _September 5, 2013_

By: _____

Jason D. Lewis, Esq.
CHAMBLESS, HIGDON, RICHARDSON, KATZ & GRIGGS
Highridge Centre
3920 Arkwright Road
Suite 405
Macon, GA 31210
P.O. Box 18086
Macon, GA 31209-8086
Telephone:  (478) 745-1181
Facsimile:  (478) 746-9479
jlewis@chrkglaw.com

*[Signature Page to Stipulation and Agreed Order]*

FLORIDA PAIN CLINIC, INC.

Date: _9/5/13_

By: _____
Daniel A. Shapiro, Esq.
Rhonda Beesing, Esq.
COLE, SCOTT & KISSANE, P.A.
4301 West Boy Scout Boulevard, Suite 400
Tampa, FL 33607
Telephone: (813) 289-9300
Facsimile: (813) 286-2900
Daniel.shapiro@csklegal.com
rhonda.beesing@csklegal.com

DR. STEPHEN T. PYLES

Date: _9/5/13_

By: _____
Daniel A. Shapiro, Esq.
Rhonda Beesing, Esq.
COLE, SCOTT & KISSANE, P.A.
4301 West Boy Scout Boulevard, Suite 400
Tampa, FL 33607
Telephone: (813) 289-9300
Facsimile: (813) 286-2900
Daniel.shapiro@csklegal.com
rhonda.beesing@csklegal.com

DR. MANGALA SHETTY

Date: _9/5/13_

By: _____
Daniel A. Shapiro, Esq.
Rhonda Beesing, Esq.
COLE, SCOTT & KISSANE, P.A.
4301 West Boy Scout Boulevard, Suite 400
Tampa, FL 33607
Telephone: (813) 289-9300
Facsimile: (813) 286-2900
Daniel.shapiro@csklegal.com
rhonda.beesing@csklegal.com

MARION PAIN MANAGEMENT CENTER, INC.

Date: _9/8/13_

By: _____
Daniel A. Shapiro, Esq.
Rhonda Beesing, Esq.
COLE, SCOTT & KISSANE, P.A.
4301 West Boy Scout Boulevard, Suite 400
Tampa, FL 33607
Telephone: (813) 289-9300
Facsimile: (813) 286-2900
Daniel.shapiro@csklegal.com
rhonda.beesing@csklegal.com

*[Signature Page to Stipulation and Agreed Order]*

INSIGHT HEALTH CORP.

Date: _September 5, 2013_

By:_____

Albert L. Hogan, III, Esq.
Ron E. Meisler, Esq. (admitted *pro hac vice*)
Philip Foust, Esq.
Renu Shah, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 N. Wacker Drive
Chicago, IL 60606-1720
Telephone:  (312) 407-0700
Facsimile:  (312) 407-0411
al.hogan@skadden.com
ron.meisler@skadden.com
philip.foust@skadden.com
renu.shah@skadden.com

[*Signature Page to Stipulation and Agreed Order*]